■ In the Matter of the Estate of EDWARD L'E. PHIPPS, Deceased. CORALIE E. PHIPPS, as Cotrustee of EDWARD L'E. PHIPPS, Deceased, et al., Appellants; HAROLD M. EDWARDS et al., Respondents.— Appeal from a decree of the Surrogate's Court, Westchester County, allowing a counsel fee and disbursements to respondent Edwards payable out of the corpus of a testamentary trust. Said respondent successfully conducted proceedings for the appointment of a successor cotrustee over the opposition of appellant Phipps. Decree unanimously affirmed, with costs to respondents, payable out of the corpus of the trust. No opinion. Present — Nolan, P. J., Wenzel, Murphy, Ughetta and Kleinfeld, JJ.

■ In the Matter of ESTELLE G. WHITE, as Administratrix of the Estate of SADIE WHITE, Deceased, Judgment Creditor, against KALIL A. BALLAN, Respondent, and NORA BALLAN et al., Third-Party Respondents. JACOB M. NAHOUM, Appellant.— The appeal is from three orders and from a report of an Official Referee. One of the orders, dated May 15, 1957, resettled another of the orders, which was dated March 11, 1957, and, insofar as pertinent, it referred appellant's application for an order pursuant to section 793 of the Civil Practice Act to the Official Referee for hearing and report. A hearing before the Official Referee was held in accordance with said order of May 15, 1957 and the Referee's report, dated June 5, 1957, followed. The order of December 9, 1957 confirmed the report and denied the application. The notice of appeal states that the appeal is from said orders and report "insofar as said orders and report fail to fix and allocate toward payment of the judgment herein, the earnings of the judgment-debtor". Appeals from the orders dated March 11, 1957 and May 15, 1957, and from the Referee's report dismissed, without costs. The appeal from the order dated March 11, 1957 was not taken until after the entry of the order of resettlement, and such order is not printed in the record. As to the order of May 15, 1957, no appeal lies from an order of reference to hear and report. No appeal lies from the report. Order dated December 9, 1957 reversed on the law and the facts, with $10 costs and disbursements, application granted and respondent Kalil A. Ballan directed to make payments of $10 a week on account of the judgment. Findings of fact insofar as they may be inconsistent herewith are reversed, and new findings are made as indicated herein. In our opinion the evidence requires the conclusion that $10 a week is a proper portion of the said respondent's income which ought to be paid on account of the judgment. Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ., concur. Settle order on five days' notice.